IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| Milagro Elizabeth Morales Perez, *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | Case No.: RWT 17-2138 |
| SCUMV Group, Inc., et al. | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND REQUEST FOR DISMISSAL OF LAWSUIT

The parties jointly move that the Court approve the attached Settlement Agreement (Exh. 1). In support of this Motion, the parties state as follows:

### INTRODUCTION

Plaintiffs alleged Defendants failed to pay them minimum wage and overtime compensation in violated the Fair Labor Standards Act, 29 U.SC. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. §3-401 *et seq.*, the Montgomery County Minimum Wage Act, Montgomery County Code, § 27-68 ("MCMWA"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Lab. & Empl. §3-501 *et seq*. Defendants dispute owing Plaintiffs any unpaid wages under the relevant state and federal laws.

In this wage and hour case, Plaintiffs and Defendants jointly request that the Court enter an Order approving the settlement reached between the parties in resolution of a bona fide dispute regarding Plaintiffs' entitlement to unpaid wages under the FLSA, the MWHL, the MCMWA, and the MWPCA, and dismissing Plaintiffs' claims with

prejudice. The parties have carefully and exhaustively negotiated a settlement in this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the attached Settlement Agreement. The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## STATEMENT OF THE CASE

1. Plaintiffs claimed that they worked for Defendants as waitresses and that Defendants were joint employers. Plaintiffs further claimed that Defendants violated the FLSA and the MHWL by violating the respective "tip-credit" requirements.

2. Defendants claimed they do not qualify as an enterprise engaged in interstate commerce under the FLSA and are exempt from the MWHL because they are a restaurant with "gross receipts" of less than $400,000.

3. Plaintiff Morales Perez contended she worked for Al Carbon from May 2013 until July 2015 and for Azul Billiards from May 2013 until February 10, 2017. Defendants denied that Morales Perez worked for Al Carbon for any such period of time, rather asserting that she worked for Al Carbon for no more than one month.

4. Defendants further asserted the statute of limitations as to both Plaintiffs claims and both sides were disputed the number of hours worked each week.

5. Finally, Defendants dispute the hours Plaintiffs claimed to have worked and specifically disputed that Plaintiff Morales Perez ever worked more than 40 hours per week.

6. Prior to the institution of this lawsuit, and over the last several months, the parties conducted a full exchange of information, which involved discussions over the claims of hours worked and dates of employment, both of which were contested by the parties.

7. Defendants responded to Plaintiffs' lawsuit by filing a Partial Motion to Dismiss (ECF Doc. 11), which remains pending.

8. To avoid further litigation, and to resolve contested issues that would have required extensive discovery of alleged witnesses which would have necessarily led to a Trial, the parties have agreed to a total settlement payment of $40,000.00.

9. The settlement agreement reached is reasonable and fair, considering the facts and issues in controversy. The Court is aware of some of the fact and legal issues (see ECF Doc. 11).

10. Both Plaintiffs' and Defendants' counsel have extensive experience in investigating, litigating, and settling FLSA claims. Plaintiffs' counsel are well equipped to advise, and have advised, Plaintiffs as to the suitability of the Settlement Agreement.

11. There was no fraud or collusion related to the Settlement Agreement. Prior to accepting the Settlement Agreement, Defendants and Plaintiff—with the advice of their respective counsel—considered the potential value of Plaintiffs' claims, considered the strengths/weaknesses of Defendants' defenses, and both parties independently concluded that settlement is/was in their best interests and a fair and reasonable resolution of Plaintiffs' claims. Defendants further support this result because it eliminates the uncertainties and risks of further litigation.

12.   The Settlement Agreement was reached independent of the issue of Plaintiffs' attorneys' fees and costs which, under the agreement, shall be paid pursuant to an agreement between Plaintiffs and their counsel.

13.   Both Parties believe that the Settlement Agreement reflects a reasonable compromise and ask that the present case be dismissed with prejudice.

Respectfully submitted,

/s/ *Howard Hoffman*
Howard B. Hoffman, Esq.
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20850
(301) 251-3752 – tele
(301) 251-3753 – fax
hhoffman@hoholaw.com

/s/ (signed w/ permission)
Michael K. Amster, Esq.
8757 Georgia Ave., Ste. 400
Silver Spring, Maryland 20910
(301) 587-9373 – tele
(240) 428-9142 – fax
mamster@zagfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2017, a copy of the foregoing Joint Motion to Approve Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

/s/ *Howard B. Hoffman*
Howard B. Hoffman, Esq.